IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MOBOLAJI DAWODU, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RDB-20-2257 |
| DONNA BOUNDS, *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

*Pro se* Petitioner, Michael Mobolaji Dawodu, a native and citizen of Nigeria, filed a Petition for Writ of Habeas Corpus on August 5, 2020. (ECF No. 1.) Dawodu alleged that his continued detention at Worcester County Detention Center by the U.S. Immigration and Customs Enforcement ("ICE") following a final order removing him from the United States was unlawful. (*Id.* at 7.) His petition sought release or a new bond hearing. (*Id.*) On August 18, 2020, ICE removed the Petitioner from the United States to Nigeria. (ECF No. 5-2.) Accordingly, the Petition is now moot, and this Court lacks subject matter jurisdiction. For the reasons set forth below, the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

## BACKGROUND

Petitioner Dawodu is a native and citizen of Nigeria. (Notice to Appear, ECF No. 5-1 at 2.) He was admitted to the United States on or about April 5, 2017, as the fiancé of a U.S. citizen entering to conclude marriage and was authorized to remain in the United States for a temporary period not to exceed July 3, 2017. (*Id.*) Ultimately, he stayed in the United States beyond the expiration of this three-month period without authorization from the U.S.

1

Department of Homeland Security ("DHS"). (*Id.*) On May 29, 2019, DHS sent the Petitioner a Notice to Appear, stating that he was subject to removal from the United States pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. §§ 1151 *et seq.*, given that he was admitted as a nonimmigrant under § 101(a)(15) of the Act and had remained in the United States for time longer than permitted. (*Id.*) ICE detained him pending a final administrative determination. (Notice of Custody Determination, ECF No. 5-1 at 4.) On November 5, 2019, Immigration Judge Elizabeth A. Kessler denied the Petitioner's adjustment of status application and ordered his removal from the United States to Nigeria. (Immigration Judge Order, ECF No. 5-1 at 5.) On December 18, 2019, a Motion to Reopen in Absentia Order was also denied. (Immigration Judge Order, ECF No. 5-1 at 7.)

On August 5, 2020, the Petitioner filed a Petition for Writ of Habeas Corpus stating that he had been detained for more than 180 days since his immigration case had ended, and that if ICE could not deport him, he should be released. (ECF No. 1.) ICE obtained a travel document on August 18, 2020, and the Petitioner was removed from the United States to Nigeria. (DHS Warrant of Removal, ECF No. 5-2.) On September 9, 2020, the Respondents filed a Motion to Dismiss the Petition for lack of subject matter jurisdiction. (ECF No. 5.)

## STANDARD OF REVIEW

Fed Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 Fed. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 547 (4th Cir. 1999). "If the court determines at any time that it lacks

subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(1); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

## ANALYSIS

Respondents argue that the Petition should be dismissed because Dawodu is no longer in the United States, thus rendering the Petition moot. (ECF No. 5.) The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U.S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the grievance." *See Hernandez v. Dep't of Homeland Sec.*, No. SAG-20-567, 2020 WL 3412989, at *2 (D. Md. June 22, 2020) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x 295 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. App'x 428 (4th Cir. 2005)).

As Respondents have explained and documented, Petitioner is no longer being detained pending his removal; rather, he has been removed to Nigeria. (*See* ECF Nos. 5, 5-2.) Thus, this Court is unable to remedy the grievance presented in the Petition. As the case is

now moot, the Court lacks subject matter jurisdiction. Accordingly, this 30th day of November, 2020, it is HEREBY ORDERED that:

1. Petitioner Dawodu's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

2. Respondent Motion to Dismiss for Lack of Jurisdiction (ECF No. 5) is GRANTED;

3. The Clerk of this Court shall CLOSE THE CASE; and

4. The Clerk of the Court shall transmit a copy of this Memorandum Order to counsel of record.

_____/s/_____

Richard D. Bennett

United States District Judge